# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------x
DANIEL JACOBSON,

                                  Plaintiff,

     -against-

LAW OFFFICES OF MICHAEL MICHAEL PLLC and
MICHAEL MICHAEL,

                                  Defendants.
-----------------------------------------------------------------x

Index #:
Date purchased:

Plaintiff designates
Kings
County as the place of trial

The basis of the venue is
Defendant's Place of Business

**SUMMONS**

Plaintiff resides at
2 Brigham Street, #3
Boston, MA 02128

To the above-named Defendant

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:     April 8, 2021
              Mount Kisco, New York

                                                    CHERIFF & FINK, P.C.

                                                    By: Bruce J. Cheriff
                                                    Attorneys for the Plaintiff
                                                    PO Box 985
                                                    Mount Kisco, NY 10549-0985
                                                    (914) 242-2042

Defendant's address:
1795 Coney Island Avenue, Brooklyn, NY 11230

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
DANIEL JACOBSON,

                Plaintiff,

    -against-

LAW OFFFICES OF MICHAEL MICHAEL PLLC and
MICHAEL MICHAEL,

                Defendants.
-----------------------------------------------------------------X

Index No.:

**COMPLAINT**

Plaintiff, by his attorneys Cheriff & Fink, P.C., for his Verified Complaint, respectfully alleges as follows:

### The Parties

1. Plaintiff is a resident of the State of Massachusetts.

2. Upon information and belief, at all relevant times, Defendant MICHAEL MICHAEL was and still is a licensed New York attorney doing business in the City of New York, County of Kings, and State of New York.

3. Upon information and belief, at all relevant times, Defendant LAW OFFFICES OF MICHAEL MICHAEL PLLC was and still is a New York law firm doing business in the City of New York, County of Kings, and State of New York.

4. Upon information and belief, at all relevant times, Defendant LAW OFFFICES OF MICHAEL MICHAEL PLLC and Defendant MICHAEL MICHAEL (collectively and individually referred to herein as the "Defendant Law Firm") were and still are doing business in the City of New York, County of Kings, and State of New York.

5. In late 2016, the Plaintiff intended to purchase a residential property in Brooklyn, New York.

6. The Plaintiff intended to purchase the residential property as both a residence but also as an investment for future sale.

7. The Plaintiff sought to purchase the property known as 142 Suydam Street, Brooklyn, NY

(hereinafter "Property") for the purchase price of $1,175,000.00.

8. Before October 5, 2016, the Plaintiff retained Defendant Law Firm to represent him in the purchase of the Property.

9. Defendant Law Firm was the attorneys performing legal work in preparation of the Plaintiff's purchase and closing for the Property on behalf of the Plaintiff. On or Before October 5, 2016, Defendant Law Firm requested a title search for the Property.

10. At no time before or on October 5, 2016 did Defendant Law disclose to the Plaintiff the existence of any restrictive covenants attached to the Property.

11. Defendant Law Firm failed to disclose to the Plaintiff that the Property was part of a New York City Home Program (hereinafter "Program") which contains certain restrictions on the use and resale of the Property (the Restrictive Covenants").

12. Relying on Defendant Law Firm that there were no obstacles that would prevent the Plaintiff from using the Property as he wished, the Plaintiff purchased and closed on the Property on October 5, 2016, for the contracted purchase price of $1,175,000.00.

13. In or about September of 2020, the Plaintiff agreed to sell the Property to a buyer for $1,525,000.00 (the "Sale")

14. On or about September 21, 2020, Plaintiff retained the services of the Defendant Law Firm for the Sale.

15. After Plaintiff retained the services of the Defendant Law Firm for the Sale, the prospective purchaser's attorney raised the issue of the Restrictive Covenants that were attached to the Property and that the Property is associated with the Program.

16. The Restrictive Covenants require the owner of the building to occupy at least one of the residential dwelling units in the Property for at least 25 years from the date of conveyance.

17. As a result of the purchaser's discovery of the Restrictive Covenants and the Property's involvement in the Program, the buyer rescinded the purchase price contract of $1,525,000.00.

18. Plaintiff would not have purchased the Property for the purchase price of $1,175,000.00 in October of 2016 had he been advised of the existence of the Restrictive Covenants because the covenants adversely effected the value of the Property, restricted his use of the Property, and Plaintiff's ability to resell the Property.

19. Plaintiff relied upon the legal work performed by Defendant Law Firm's legal opinion after its review of the Title report that the Plaintiff could purchase the Property without restrictions to Plaintiff's use of the Property upon closing.

20. The Defendant Law Firm was retained by the Plaintiff and owed a duty to the Plaintiff to perform adequate legal work that would identify any encumbrances, obstacles, or restrictions that would prevent the Plaintiff from using and at a later date reselling the Property.

21. In the performance of its legal duty, Defendant Law Firm failed to exercise the due care, skill, and diligence, commonly possessed and exercised by other attorneys engaged in property title research.

22. Defendant Law Firm failed to adequately investigate the Property deed to discover the existence of any restrictive covenants or the classification of the Property in the Program.

23. The Plaintiff relied on the expert legal opinion of Defendant Law Firm that the Property had a clear title with no restrictions and paid what he believed was a fair market value price for the Property, $1,175,000.00.

24. The $1,175,000.00 purchase price of the Property in October 2016, however, was not a fair market value price of the property because the Property should have been valued at a substantially discounted price due to the existence of the Restrictive Covenants, especially because of the requirement that the owner occupy at least one of the units for a period of at least 25 years.

25. As a result of the purchaser learning of the Restrictive Covenants, the Purchaser refused to purchase the Property thereby damaging Plaintiff in the sum of at least $350,000 and consequential damages.

26. Defendant Law Firm's failure to discover and disclose the Restrictive Covenants was a proximate cause of the Plaintiff's damages because the Plaintiff would not have purchased the property but

for Defendant Law Firm's expert legal opinion that no encumbrances, obstacles, or restrictions existed that would adversely affect the value of the Property.

27. It was foreseeable that the Plaintiff would rely upon the expert legal opinion of the attorney he hired to represent him in the title search and closing of the property.

28. As a result of Defendant Law Firm's failure to exercise due care, skill and diligence, the Plaintiff has sustained actual and ascertainable damages.

29. These damages are the direct and foreseeable result of Defendant Law Firm's negligence and failure to perform his legal duty with the proper care, skill and diligence that other attorneys in the field provide.

30. WHEREFORE, Plaintiff demands judgment against Defendant in an amount of $350,000.00 or an amount to be determined at trial along with consequential damages in an amount to be determined at trial, plus interest, together with costs and disbursements of this action and with such other and further relief the Court may deem just and proper.

Dated: April 8, 2021
      Mount Kisco, NY

CHERIFF & FINK, P.C.

By: _____
    Bruce J. Cheriff
Attorneys for the Plaintiff
PO Box 985
Mount Kisco, NY 10549-0985
(914) 242-2042

STATE OF NEW YORK    COUNTY OF KINGS
SUPREME COURT

INDEX NO. 508242/2021
Date Filed: April 8, 2021
Court Date:

ATTORNEY(S): CHERIFF & FINK, P.C.  PH: (516) 569
ADDRESS: 70 East Sunrise Highway  Valley Stream NY 11581  File No.:

### DANIEL JACOBSON

vs

### LAW OFFICES OF MICHAEL MICHAEL PLLC AND MICHAEL MICHAEL

*Plaintiff(s)/Petitioner(s)*

*Defendant(s)/Respondent(s)*

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:     **AFFIDAVIT OF SERVICE**

BLONDELL VICTOR, being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age and resides in New York State. On **Wednesday, April 14, 2021** at **12:13 PM**, at 1795 CONEY ISLAND AVENUE, BROOKLYN, NY 11230, deponent served the Summons, Complaint; Court Notice Regarding Availability of Electronic Filing for Supreme Court Cases

on: **LAW OFFICES OF MICHAEL MICHAEL PLLC**, **Defendant** therein named.

**Said documents were conformed with index number and date of filing endorsed thereon.**

**#1 CORP.** [X] By delivering thereat a true copy of each to **ANNA LAYNE** personally, deponent knew said Business so served to be the Business described in same as said recipient and knew said individual to be the managing/authorized agent of the Business, and said person stated that he/she was authorized to accept service on behalf of the Business

**#2 DESC.** [X] A description of the person served or spoken to on behalf of the Defendant/Respondent is as follows:
Sex: Female    Color of skin: White    Color of hair: Black    Age: 36 - 50 Yrs.    Height: 5ft 4in - 5ft 8in
Weight: 100-130 Lbs.    Other Features:

**#3 WIT. FEES** [ ] the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

**#4 MIL. SRVC** [ ] Your deponent asked the person spoken to whether defendant was in the active military service of the United States or N. Y. State; and received a negative reply. Upon information and belief I have; being based on the conversations & observations above narrated, defendant is not in the military service.

**#5 OTHER** [ ]

Sworn to before me on April 14, 2021

VANESSA JOHNSON
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01JO8166083, QUALIFIED IN KINGS COUNTY
TERM EXPIRES MAY 14, 2023



BLONDELL VICTOR
Server's Lic # 2096821-DCA
Invoice·Work Order # 386928

BV SERVICES, INC., 2260 GRAND AVE, STE 33, BALDWIN NY 11510

STATE OF NEW YORK  COUNTY OF KINGS
SUPREME COURT

INDEX NO. 508242/2021
Date Filed: April 8, 2021
Court Date:

ATTORNEY(S): CHERIFF & FINK, P.C.   PH: (516) 569
ADDRESS: 70 East Sunrise Highway  Valley Stream NY 11581  File No.:

*DANIEL JACOBSON*

*Plaintiff(s)/Petitioner(s)*

vs

*LAW OFFICES OF MICHAEL MICHAEL PLLC AND MICHAEL MICHAEL*

*Defendant(s)/Respondent(s)*

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:    **AFFIDAVIT OF SERVICE**

BLONDELL VICTOR, being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age and resides in New York State. On **Wednesday, April 14, 2021** at **12:13 PM**, at 1795 CONEY ISLAND AVENUE, BROOKLYN, NY 11230, deponent served the Summons, Complaint; Court Notice Regarding Availability of Electronic Filing for Supreme Court Cases

on: **MICHAEL MICHAEL**, Defendant therein named.

Said documents were conformed with index number and date of filing endorsed thereon.

**#1 SUITABLE AGE PERSON/ PARTNERSHIP** [X]  By delivering a true copy of each **ANNA LAYNE**, Authorized to Accept, a person of suitable age and discretion. Said premises is recipient's: [X] actual place of business   [ ] dwelling house (usual place of abode) within the state.

**#2 MAIL COPY** [X]  On **April 14, 2021**, deponent completed service by depositing a true copy of each document to the above address in a 1st Class postpaid properly addressed envelope not indicating that mailing was from an attorney or concerned legal action and marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

**#3 DESC.** [X]  (use with #1, 2 or 3)
A description of the person served or spoken to on behalf of the Defendant/Respondent is as follows:
Sex: Female   Color of skin: White   Color of hair: Black   Age: 36 - 50 Yrs.   Height: 5ft 4in - 5ft 8in
Weight: 100-130 Lbs.   Other Features:

**#4 WIT. FEES** [ ]  the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

**#5 MIL. SRVC** [X]  Your deponent asked the person spoken to whether defendant/respondent was in the active military service of the United States or N. Y. State; and received a negative reply. Upon information and belief I have; being based on the conversations & observations above narrated, defendant/respondent is not in the military service.

**#6 OTHER** [ ]

Sworn to before me on April 14, 2021

VANESSA JOHNSON
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01JO6166083, QUALIFIED IN KINGS COUNTY
TERM EXPIRES MAY 14, 2023

BLONDELL VICTOR
Server's Lic # 2096821-DCA
Invoice·Work Order # 386929

BV SERVICES, INC., 2260 GRAND AVE, STE 33, BALDWIN NY 11510

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
DANIEL JACOBSON,

                  Plaintiff,

  -against-

LAW OFFICES OF MICHAEL MICHAEL, PLLC and
MICHAEL MICHAEL,

                  Defendants,
-------------------------------------------------------------------X

Index No. 508242/2021

**STIPULATION EXTENDING TIME TO ANSWER OR MOVE**

    **IT IS HEREBY STIPULATED AND AGREED**, that the time for Defendants Law Offices of Michael H. Michael PLLC and Michael H. Michael to serve an answer or otherwise move against Plaintiffs' Summons and Verified Complaint herein is extended up to and including May 24, 2021.

We agree not to raise improper services as a defense.

Dated: New York, New York
        April 28, 2021

By: _____
Bruce Cheriff., Esq.
CHERIFF & FINK, P.C.
*Attorneys for Plaintiff Daniel Jacobson*
P.O. Box 985
Mount Kisco, NY 10549
(914) 242-2042

By: *Mark K. Anesh*
Mark K. Anesh, Esq.
LEWIS BRISBOIS BISGAARD
& SMITH LLP
*Attorneys for Defendants Law Offices of Michael H. Michael, PLLC and Michael H. Michael, Esq.*
77 Water Street, Suite 2100
New York, New York 10005
(212) 232-1300

4819-8249-8023.1