UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DANIEL JACOBSON,

                        Plaintiff,                        REPORT AND
                                                              RECOMMENDATION

            -against-                         21-CV-2728 (FB)

LAW OFFICES OF MICHAEL MICHAEL
PLLC, et al.,

                       Defendants.
------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       On May 14, 2021, defendants Law Offices of Michael Michael and Michael Michael ("defendants") removed this action to federal court, citing diversity jurisdiction as the predicate for removal. See Notice of Removal (May 14, 2021) ("Notice"), Electronic Case Filing Docket Entry ("DE") #1.

       Where subject matter jurisdiction is based on diversity of citizenship, "the forum defendant rule applies." See Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 704 (2d Cir. 2019) (quoting Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147, 152 (3d Cir. 2019)). Under that rule, as provided in 28 U.S.C. § 1441(b)(2), a defendant, who is a resident of the state in which removal is sought, is barred from removing the action to federal court. See Gibbons, 919 F.3d at 704-05; 28 U.S.C. § 1441(b)(2) (an action that is "otherwise removable solely on the basis of [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). A district court may, within 30 days of the filing of the notice of

removal, order remand *sua sponte* based on such a procedural defect.[1]  See Martha Barotz 2006-1 Insurance Trust v. Barotz, 20-CV-02605 (PMH), 2020 WL 1819942, at *1 n.1 (S.D.N.Y. Apr. 10, 2020); BCAT REO LLC v. Gordon, No. 15-CV-5093 (SJF)(AKT), 2015 WL 5664421, at *1 (E.D.N.Y. Sept. 24, 2015); see also 28 U.S.C. § 1447(c).

Here, it is undisputed that the removing defendants are both citizens of New York. See Notice ¶¶ 12, 13.  Therefore, since defendants are citizens of the state in which the action was brought, this Court recommends that this action be remanded to state court pursuant to the forum defendant rule.

### CONCLUSION

For the foregoing reasons, this Court respectfully recommends that this action be remanded *sua sponte* to Supreme Court, Kings County.

Any objections to this Report and Recommendation must be filed with the Honorable Frederic Block on or before **June 1, 2021**.  Failure to file objections in a timely manner may waive a right to appeal the District Court order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

**Dated:**   Brooklyn, New York
May 18, 2021

/s/   *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Even if the remand order is not filed within 30 days of removal, so long as the procedural ground is raised by the Court within 30 days of removal, section 1447(c)'s 30-day limit is satisfied.  See JP Morgan Chase Bank, N.A. v. Caires, 768 F.App'x 73, 75 (2d Cir. 2019); Jimenez-Castro v. Greenwich Ins. Co., 20-cv-09210 (ALC), 2020 WL 7352505, at *2 (S.D.N.Y. Dec. 15, 2020).